IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MELROSE ASSOCIATES, L.P., Plaintiff | ) | Misc. No. 00-005ML |
| v. | ) | |
| UNITED STATES Defendant, | ) | |
| And | ) | |
| LEON A. BLAIS, ESQUIRE, as Trustee For Elizabeth Bogosian Garnishee. | ) | |

**ASSENTED MOTION MOTION FOR ORDER *NUNC PRO TUNC***

Garnishee herein (hereinafter "Blais") herewith moves for an order of this honorable court *nunc pro tunc* approving and authorizing the payment of $291,065.23 on or about May 10, 2006 by Blais to the United States Department of Justice pursuant to the Writ of Continuing Garnishment authorized by this Court and served upon him.

**This motion is filed with the assent of Michael P. Iannotti, Assistant United States Attorney, on behalf of the government.**

Garnishee files his Memorandum in support of this motion concurrently.

Garnishee,

/s/

Leon A. Blais, Esq.
BLAIS and PARENT
20 Cabot Blvd, Suite 300
Mansfield, MA 02048
508 618-1280
LBlais@BlaisParent.com

Certificate of Service

I herewith certify that this document was filed electronically using ECF procedures to all parties of record. This document is available for viewing and downloading from the Electronic Court Filing system. Further, I have mailed this document, by certified and first class mail on January 30,2007 to :

Elizabeth Bogosian
30 Bokar Street
Warwick, RI 02886

/s/

Leon A. Blais

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MELROSE ASSOCIATES, L.P., Plaintiff | ) | |
| | ) | Misc. No. 00-005ML |
| v. | ) | |
| | ) | |
| UNITED STATES Defendant, | ) | |
| And | ) | |
| | ) | |
| LEON A. BLAIS, ESQUIRE, as Trustee For Elizabeth Bogosian Garnishee. | ) | |

**MEMORANDUM IN SUPPORT OF GARNISHEE'S MOTION FOR ORDER *NUNC PRO TUNC***

***Facts and Background***

Garnishee represented Elizabeth Bogosian in connection with an Interpleader in U.S. District Court, Providence. Garnishee and co-counsel were successful in settling approximately $5 million in claims against her by former lawyers. Such claims would have completely wiped out funds placed in interpleader as a result of closure of long running intra-family litigation. These settlements resulted in disbursement to Garnishee, in trust for Elizabeth Bogosian, of interpleader funds. Garnishee and co-counsel had previously obtained funds for Ms. Bogosian from a state interpleader and arranged conveyance of the family home free and clear to Ms. Bogosian's daughter.

In late 2003 Garnishee and co-counsel were discharged.

Prior to discharge Evan Bogosian Perri, daughter of Elizabeth, signaled her intention to attempt to enforce a voluntary judgment given by her mother to Naisogob,

LLC, a family entity. Although the uncontested judgment was issued, no execution had occurred.

On October 29, 2003 Garnishee answered the Writ of Continuing Garnishment served upon him as follows: "All money received in trust for Elizabeth Bogosian has been subject to lien and/or execution on judgment. No money will be remitted to Elizabeth Bogosian and/or Plaintiff." Such answer was made in good faith anticipation of execution and/or attack on the government's claim against Elizabeth Bogosian in the instant action.

Since the time of answer Garnishee held funds anticipating execution on such judgment or attack on the government's claim.

However, no execution of the Naisogob, LLC alleged judgment ever occurred and no challenge was mounted against the government's claim despite notice to new counsel for Elizabeth Bogosian.

Accordingly, the sum of $291,065.23 was due and owing to Elizabeth Bogosian on May 10, 2006. Because of the existence of the Writ of Continuing Garnishments such funds were encumbered thereby. Garnishee remitted $291,065.23 to the government, as trustee, under the authority of R.I. Gen. Laws § 10-17-9 as incorporated in federal procedure pursuant to Fed. R. Civ. Pro. 64. Notice of such disbursement was given to Elizabeth Bogosian.

On or about September 26, 2006 Garnishee's Answer was amended to reflect the facts herein. Notice was given to Elizabeth Bogosian by regular and certified mail. The certified mail was returned as unclaimed (See "Exhibit A" attached). No opposition or objection was filed with this court by Ms. Bogosian.

Garnishee now seeks the imprimatur of this court, *nunc pro tunc*, endorsing Garnishee's response to the Writ of Continuing Garnishment.

Ms. Bogosian has been served with this motion and supporting documents by first class and certified mail.

***Argument***

The concept of *nunc pro tunc* court order or determination is well grounded in both federal and Rhode Island jurisprudence. "Nunc pro tunc, which means 'now for then,' applies to actions taken by a court through its inherent legal power after the time in which the actions should have been taken, with retroactive effect. See Black's Law Dictionary 1100 (8th ed. 2004)". Mahabir v. Ashcroft, 387 F.3d 32, 33 (1st Cir. 2004). "Like many other concepts in the law wrongly assumed to have a fixed meaning, nunc pro tunc is a somewhat loose concept, like 'jurisdiction' or 'waiver,' used somewhat differently by different courts in different contexts. Literally meaning "now for then" (in Latin) see Black's Law Dictionary 1097 (7th ed. 1999), it is a phrase typically used by courts to specify that an order entered at a later date should be given effect retroactive to an earlier date--that is, that it should be treated for legal purposes as if entered on the earlier date". Fierro v. Reno, 217 F.3d 1, 4-5 (1st Cir. 2000). "The function of a nunc pro tunc order in general is to put upon the record and…to validate some proceeding actually taken but by oversight or mistake not authorized, or to prevent a failure of justice resulting, directly or indirectly from delay in court proceedings subsequent to a time when a judgment, order or decree ought to and would have been entered, save that the cause was pending under advisement. Perkins v. Perkins, 225 Mass. 392, 114 N.E. 713, 713-14 (Mass. 1917)." Fierro v. Reno, 217 F.3d 1, 5 (1st Cir. 2000). *See Also* DeCarli v. Webber, 784 A.2d 288, 290 (R.I. 2001).

At bar, Garnishee asks this court to determine the efficacy and legal propriety of his remittance to the government of funds on deposit with him. Garnishee makes his motion for the purpose of quieting claims as to the validity of such remittance.

Allowance of this motion does compromise any rights of protest of Elizabeth Bogosian inasmuch as she has previously been notified of both the substantive remittance and Garnishee's amended answer. No objection was filed. Additionally, Ms. Bogosian is being served with a copy of this motion and accompanying supporting documents.

This motion was assented to by Assistant United States Attorney Michael P. Iannotti on behalf of the government.

***Conclusion***

For the reasons cited herein, Garnishee's motion should be allowed.

Garnishee,

/s/

Leon A. Blais, Esq.
BLAIS and PARENT
20 Cabot Blvd, Suite 300
Mansfield, MA 02048
508 618-1280
LBlais@BlaisParent.com

**Certificate of Service**

I herewith certify that this document was filed electronically using ECF procedures to all parties of record. This document is available for viewing and downloading from the Electronic Court Filing system. Further, I have served this document, by certified and first class mail, on January 30, 2007 to:

Elizabeth Bogosian
30 Bokar Street
Warwick, RI 02886

/s/

Leon A. Blais

# EXHIBIT A


Blais, Parent and Quinn
Suite 300
20 Cabot Blvd.
Mansfield, MA 02048
7005 0390 0000 3827 2077
U.S. POSTAGE
$4.88
1st Notice
2nd Notice
Return

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MELROSE ASSOCIATES, L.P., | ) | |
| Plaintiff | ) | |
| | ) | Misc. No. 00-005ML |
| v. | ) | |
| | ) | |
| UNITED STATES | ) | |
| Defendant, | ) | |
| And | ) | |
| | ) | |
| LEON A. BLAIS, ESQUIRE, as Trustee | ) | |
| For Elizabeth Bogosian | ) | |
| Garnishee. | ) | |

**ORDER *NUNC PRO TUNC***

This matter having come before the court upon motion of Garnishee Leon Blais, Esq. and after notice to all parties, it is hereby:

ORDERED, ADJUDGED AND DECREED:

1. The court orders, endorses, authorizes and approves remittance of $291,065.23 on or about May 10, 2006 by Garnishee Leon Blais, Esq. to the United States Department of Justice pursuant to the Writ of Continuing Garnishment authorized by this Court and served upon him.

2. This Order is made effective, *nunc pro tunc*, as of May 10, 2006.

ENTER:

| | |
|---|---|
| ________________________ | ________________________ |
| Clerk | Mary Lisi, Chief Judge |
| Date: | Date: |